```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN GRANGER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-0511 (JBS) |
| v. | |
| REO ELITE ABSTRACT, INC., | **OPINION** |
| and | |
| DENISE WILLIAMS, | |
| Defendants. | |

APPEARANCES:

Mr. John Granger
2669 Shillington Road
Suite 233
Sinking Spring, PA 19608
    Plaintiff Pro Se

Robert J. Duminiak, Esq.
Howson & Howson LLP
501 Office Center Drive
Suite 210
Fort Washington, PA 19034
    Attorney for Defendants

**SIMANDLE**, District Judge:

   Plaintiff John Granger filed this action against Defendants REO Elite Abstract, Inc. and Denise Williams (collectively, "Defendants"), alleging Defendants committed copyright infringement by using Plaintiff's title insurance rate calculator after removing copyright management information. Presently before the Court is Defendants' motion [Docket Item 10] to transfer venue from this Court to the Eastern District of

Pennsylvania, pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, the Court will deny Defendants' motion.

## I. BACKGROUND

Plaintiff and Defendant REO Elite Abstract, Inc. ("REO" or "company") both reside in the Commonwealth of Pennsylvania. (Compl. ¶¶ 4-5.)  Defendant Denise Williams ("Ms. Williams"), president and treasurer of REO, resides in Cherry Hill, NJ. (Id. ¶ 6.)  This lawsuit arises out of Plaintiff's allegation that REO used Plaintiff's calculator without a license.  (Id. ¶ 3.)  This action was brought before the Court under 17 U.S.C. §§ 106 and 501 (copyright infringement) and 17 U.S.C. § 1202(b) (removal or alteration of copyright management information).

In his Complaint, Plaintiff alleges that he submitted this lawsuit in this Court because REO does business in Pennsylvania and New Jersey.  (Compl. ¶ 5.)  Defendants believe that this lawsuit should be handled by the Eastern District of Pennsylvania because it is the home forum for the Plaintiff, the Defendants' office is in Philadelphia, Pennsylvania, and any witnesses probably will reside in or near the Eastern District of Pennsylvania.  (Def.'s Moving Br. at 1-3.)

## II. DISCUSSION

### A. Section 1404(a) Standard

Under 28 U.S.C. § 1391(b) and (c), venue against a corporation will lie in any judicial district in which it is

2

incorporated, licensed to do business or is doing business.  See Reed v. Weeks Marine, 166 F. Supp. 2d 1052 (E.D.Pa. 2001) (citing Pure Oil Co. v. Suarez, 384 U.S. 202, 203, (1966)).  REO's website states that the company transacts business in both Pennsylvania and New Jersey.  (Pl.'s Opp'n Br. Ex. A.)  Furthermore, on the company's website there are separate calculators for Pennsylvania (Compl. Exs. C, F) and New Jersey (Compl. Ex. E).

Defendants' motion to transfer this matter to the Eastern District of Pennsylvania invokes 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The Court of Appeals has held that courts consider all relevant factors and not just the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice).  Such considerations assist in determining if a transfer would better serve the interests of justice. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts must consider both the private and public interests when ruling on § 1404(a) motions.

The Jumara court identified several private interests that courts now consider before making a decision.  These private interests include the following:

3

> plaintiff's forum choice as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. at 879. In addition, the Jumara court listed several public interests that courts will consider:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-80 (citations omitted).

In summary,

> The moving party bears the burden of establishing the need for a transfer by demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be for the convenience of the parties; (3) the proposed transfer will be in the interest of the convenience of the witnesses; and (4) the proposed transfer will be in the interest of justice.

Reed, 166 F. Supp. 2d at 1057. Further, "the plaintiff's choice of forum will not be disturbed unless the balance of interest tilts strongly in favor of a transfer." Id. at 1057 (citing Gulf

Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

**B.   Application of Section 1404(a) to this Case**

In support of their motion, Defendants argue that this case should be transferred to the Eastern District of Pennsylvania because it is Plaintiff's home forum and the company's office is located in Philadelphia, Pennsylvania.  As the Court explains below, it finds that the private and public interests in this case do not weigh strongly in favor of transferring, and that Defendants' motion should thus be denied.

  1.   Private Interest Considerations

First, the Court finds that the private interest considerations in this case do not weigh strongly in favor of transferring to the Eastern District of Pennsylvania.  Plaintiff chose to file this lawsuit in New Jersey, and "the plaintiff's choice of venue should not be lightly disturbed."  Yocham v. Novartis Pharmaceuticals Corp., 565 F. Supp. 2d 554 (D.N.J. 2008) (citing Jumara, 55 F.3d at 879) (citation omitted); see also Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006); Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989)).  As previously stated, Plaintiff's choice of forum will be upheld unless the interest in transferring holds greater weight than Plaintiff's choice.  Reed, 166 F. Supp. at 1057 (citing 330 U.S. at 508-09).

Defendants desire to have the lawsuit reviewed in a court

just across the Delaware River in Philadelphia, Pennsylvania; a very short drive or subway ride to travel between the two jurisdictions.  The short distance between this Court and the U.S. District Court for the Eastern District of Pennsylvania seemingly makes a transfer unnecessary.  Since the courts are minutes away from each other just separated by a relatively small body of water, such a "[t]ransfer would offer only a modicum of improvement in the convenience to the parties and witnesses." Marino v. Kent Line Intern., No. 02-4488, 2002 WL 3168496, at *3 (E.D. Pa. Nov. 20, 2002).  Also, Ms. Williams resides in Cherry Hill, NJ, just east of this Court.  Ms. Williams is in close proximity to this Court as are potential witnesses who conduct business in or with the Philadelphia office.  Again, the Jumara court stated that convenience of the witnesses is based on the extent to which they would be unavailable in one of the fora. Id. at 879 (citations omitted).

The Eastern District of Pennsylvania considered a similar question where the Defendant wished to have that lawsuit transferred to Camden, NJ, and it stated:

> While it is true that this district is entitled to less weight given that it is neither the plaintiff's home forum nor the situs of the subject accident, the District of New Jersey is literally across the Delaware River from the Eastern District of Pennsylvania and hence this Court is no more inconvenient for the defendant and its witnesses than is the Courthouse in Camden, NJ.

Reed, 166 F. Supp. at 1058.  Similarly, this Court finds that with such close proximity to Pennsylvania, it would not be an inconvenience to have these witnesses appear in Camden, NJ.

The remaining private interests this Court must consider do not militate in favor of transfer.  With REO's main office in Philadelphia, it can be inferred that the alleged misuse of Plaintiff's calculator occurred in Pennsylvania.  However, the company does conduct business in New Jersey and the alleged misuse may have occurred in that state.  Similarly, the Court does not find that the location of the company's books and records poses a problem for them to be transported across the Delaware River to this Court in Camden, NJ.

### 2. Public Interest Considerations

For similar reasons, the Court does not find that considerations of the public interest weigh so strongly in favor of transfer as to warrant disturbing Plaintiff's choice of forum. See Yocham, 565 F. Supp. at 559 (citing Clark v. Burger King Corp., 255 F. Supp. 2d 334, 338 (D.N.J. 2003)); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  A judgment in this case would be enforceable in both the State of New Jersey and the Commonwealth of Pennsylvania.  REO conducts business in both states. See Jumara, 55 F.3d at 879.  Additionally, the relative ease with which books, records, documents and witnesses could be transported to Camden, NJ shows that "'practical

considerations that could make the trial easy, expeditious, or inexpensive' do not favor either forum." Yocham, 565 F. Supp. at 559 (citing Jumara, 55 F.3d at 879). This Court acknowledges that such local matters should be decided "at home," but the company conducts business in New Jersey.

The remaining public interest considerations do not tip strongly enough in favor of transferring this lawsuit. Residents of both New Jersey and Pennsylvania will take interest in the outcome of this matter since REO claims to work with clients in both states. Although this Court may not be as familiar with Pennsylvania law, simply because this Court is in a different jurisdiction does not exempt it from reviewing the state's laws. "[F]ederal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." Yocham, 565 F. Supp. at 559.[1]

As the foregoing discussion indicates, the private and public considerations identified in Jumara do not tip the scale enough in Defendants' favor. In exploring these considerations, the Court finds that a transfer would not substantially improve "the convenience of parties and witnesses," nor serve "the

---

[1] In Yocham, this Court also stated, "[d]isturbing Plaintiff's choice of forum in order to spare this Court the trouble of interpreting Texas law is simply not called for here." The same reasoning can be applied to interpreting Pennsylvania law -- a state much closer than Texas and one that is in the same circuit as New Jersey.

interest of justice." § 1404.  The Court so finds, keeping in mind that, "[u]nless the balance of inconvenience of the parties is strongly in favor of Defendant, [Plaintiff's] choice of forum should prevail."  Yocham, 565 F. Supp. at 558 (citing Clark, 255 F. Supp. 2d at 338);  see also Shutte, 431 F.2d at 25.  There being little inconvenience for Defendants to defend themselves in this forum, only minutes from their home base, the Court will deny the motion to change venue.

## IV. CONCLUSION

For the reasons explained above, the Court finds that this case should not be transferred to the Eastern District of Pennsylvania, and will thus deny Defendants' motion.  The accompanying Order will be entered.


**January 15, 2010**          **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              United States District Judge

9